UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALIMA OMERYAR,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 15-cv-06335-JSC<br><br>**ORDER GRANTING MOTION TO AMEND AND REQUEST TO CONTINUE CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 17 |

      Plaintiff Halima Omeryar ("Plaintiff") brings this case under the Federal Tort Claims Act, 28 U.S.C. § 2671, against the United States ("Defendant"). The First Amended Complaint ("FAC") alleges that a U.S. Army Soldier's negligent driving caused Plaintiff to suffer injuries. (Dkt. No. 4.) Defendant has not yet been served. Now pending before the Court is Plaintiff's motion for leave to amend the complaint and to continue the Case Management Conference for 90 days. (Dkt. No. 17.) The Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), GRANTS the motion to amend, and GRANTS IN PART the request for a continuance.

      Federal Rule of Civil Procedure 15 provides that a party may amend its pleading "once as a matter of course" within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). Having already done so, the period to amend having passed, and Defendant having not yet appeared, Plaintiff may only amend again with court order. *See* Fed. R. Civ. P. 15(a)(2). Rule 15 provides generally that leave to amend the pleadings before trial should be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has emphasized that leave to amend is to be granted with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted). Under this rule, in determining whether justice requires leave to amend, courts consider five factors initially listed in *Foman v. Davis*, 371 U.S. 178, 182 (1962): "bad faith, undue delay,

prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted). The decision to grant or deny a request for leave to amend rests in the discretion of the trial court. *California v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004).

Here, Plaintiff seeks leave to amend to make two minor changes, neither of which alters the substance of her claim. First, the proposed Second Amended Complaint ("SAC") will fix the date of the incident that caused Plaintiff's injuries: the FAC mistakenly alleges that the incident occurred on January 10, 2012 (Dkt. No. 4 ¶ 12), while the actual date of the incident was between June 1, 2012 and August 10, 2012, as alleged in the proposed SAC (Dkt. No. 17-1 ¶ 9). The administrative record that Plaintiff attached to the FAC already indicates that the accident occurred on August 10, 2012 or June 14, 2012. (*See* Dkt. No. 4-1 at 1, 3.) Second, the proposed SAC clarifies the parties: although Plaintiff voluntarily dismissed defendants U.S. Army and an unknown U.S. Army Soldier from the FAC (Dkt. No. 13), the proposed SAC clarifies that Plaintiff is suing only the United States. (Dkt. No. 17-1 ¶ 8.) None of the *Foman* factors weighs against amendment. The circumstances do not reflect bad faith. As Defendant has not yet been served, there is neither undue delay nor prejudice to Defendant. Nor is there any suggestion that the proposed amendments are futile. If anything, the amendments make the claims more clear by reducing confusion about the date of injury and removing improper defendants. Accordingly, the Court GRANTS Plaintiff's motion for leave to amend. Plaintiff shall electronically file the SAC lodged with Plaintiff's motion forthwith. (Dkt. No. 17-1.)

Plaintiff also requests a 90-day continuance of the Case Management Conference ("CMC"), currently scheduled for March 31, 2016, to permit Plaintiff to serve the SAC on Defendants. This request does not take into account Plaintiff's obligation to serve the defendant within 90 days after the complaint is filed or risk dismissal without prejudice unless the plaintiff shows good cause for the failure. *See* Fed. R. Civ. P. 4(m). Plaintiff commenced this action on December 31, 2015. (Dkt. No. 1.) Although nearly 90 days have passed since she filed the initial

complaint, Plaintiff did not serve either the initial complaint or the FAC on Defendant. Amendments ordinarily do not extend the time for serving parties who were named in earlier iterations of the complaint, as the Defendant here. *See City of Merced v. Fields*, 997 F. Supp. 1326, 1338 (E.D. Cal. 1998). Only 5 days remain on Plaintiff's time to serve Defendant, and Plaintiff has not established good cause to extend—let alone to nearly double—the service clock. However, the Court will extend Plaintiff's time to serve Defendant an additional 14 days, and will continue the CMC by 30 days, rescheduling it for **April 28, 2016**, to ensure that Plaintiff has the opportunity to serve the SAC on Defendant and that the parties can file a joint statement in advance of the CMC.

**IT IS SO ORDERED.**

Dated: March 25, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge